21635

In the Matter of Aaron Mark ZIMMERMAN, Respondent.
(287 S. E. (2d) 474)

No counsel for complainant.

*T. Patton Adams,* Columbia, *and Gary J. Lavine,* Syracuse, N. Y., *for respondent.*

January 26, 1982.

*Per Curiam:*

This matter is before the Court upon receipt of a certified copy of an opinion and order of public censure of the Appellate Division of the Supreme Court, Fourth Department, of the State of New York, dated February 18, 1981. This opinion is reproduced in *Zimmerman v. Office of Grievance Committees,* 79 A. D. (2d) 263, 438 N. Y. S. (2d) 400 (1981). Respondent's motion for leave to appeal the opinion and order of the Appellate Division was denied by the Court of Appeals of the State of New York on September 10, 1981.

Respondent *is* an attorney admitted to practice in New York, South Carolina, Florida, Pennsylvania and the District of Columbia. He was disciplined for advertising in the classified section of the Syracuse, New York Telephone Directory in a manner which constituted a holding out to the public of specialization in areas of law in which he had no experience. This act was in violation of Disciplinary Rule 2-101(A) of

the Code of Professional Responsibility, 29 N. Y. Judiciary Law (McKinney), Appen. (1981 Cum. Supp.), which in part prohibits the use of deceptive and misleading statements in attorney advertising.

Under Section 29 of the South Carolina Rule on Disciplinary Procedure, respondent has filed a statement and memorandum of law asserting that the imposition of the identical punishment in this State would be unwarranted. After reviewing the material before us, we find no ground appearing on the face of the record which would avoid the conclusive effect of the final adjudication by the State of New York in establishing the misconduct for purposes of this disciplinary action. Rule on Disciplinary Procedure, Section 29E. Neither do we believe that a grave injustice would result by imposition of the identical punishment in this State, noting that the Appellate Division considered several mitigating circumstances in declining to impose a more sever sanction.

Accordingly, Respondent Aaron Mark Zimmerman is hereby publicly reprimanded for misconduct as an attorney.